# IN THE COURT OF APPEALS OF IOWA

No. 24-1263
Filed November 13, 2024

**IN THE INTEREST OF L.E. and L.E.,**
**Minor Children,**

**J.E., Mother,**
  **Appellant.**
_____

Appeal from the Iowa District Court for Warren County, Mark F. Schlenker, Judge.

A mother appeals the termination of her parental rights. **AFFIRMED**.

Cathleen J. Siebrecht of Siebrecht Law Firm, Pleasant Hill, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Yvonne Naanep, Des Moines, guardian ad litem for children.

Magdaleena Reese, Assistant State Public Defender, Des Moines, attorney for the children.

Considered by Schumacher, P.J., and Badding and Chicchelly, JJ.

**SCHUMACHER, Presiding Judge.**

A mother appeals the termination of her parental rights. She argues termination is not in the best interest of the children, she should have been granted an extension of time for reunification efforts, and the district court should have applied a permissive exception to preclude termination of her parental rights. Upon our de novo review, we affirm.

I. **Background Facts and Proceedings**

Lu.E. a ten-year-old male, and Li.E., a thirteen-year-old female, came to the attention of the Iowa Department of Health and Human Services (HHS) in the summer of 2022 because of substance use by their mother. The children were removed from the mother's custody in early June 2022 and placed in the legal custody of their father, where they have remained throughout the proceedings. The children's mother and father are divorced.

Both children were previously under the court's jurisdiction from June 12, 2018, through April 14, 2019. The first case was similarly initiated for substance use by the mother after she was arrested for operating while intoxicated and possession of cocaine. The mother revealed she was using marijuana and methamphetamine when she was arrested. The combined length of the cases has resulted in Lu.E. being under the court's jurisdiction for nearly one-third of his life; Li.E. has been under the same jurisdiction for nearly one-fourth of her life. At the time of the termination hearing, Lu.E. was entering sixth grade and Li.E. was entering eighth grade.

Both children were adjudicated to be a child in need of assistance for a second time in September 2022. After the children's removal, the mother eluded

a warrant for her arrest following the filing of a probation violation. She absconded from probation from August 2023 to the time of her arrest for shoplifting in November. The mother was not in contact with her children or HHS during this period.[1]

While on the run, the mother was a victim of a theft, as a man staying with her at a hotel stole her phone and $3000. She engaged in a relationship with an individual on the sex offender registry who assaulted her. The mother was sentenced to a twenty-year prison term in January 2024. The State moved to terminate the mother's parental rights in April. Following a contested hearing, the district court terminated the mother's parental rights in July. The mother's first possible release date is January 2025, six months after the termination order was filed. The mother testified that while incarcerated she has not received substance-use or mental-health treatment. The mother has not seen the children in ten months but does exercise short phone calls from prison with the children.

## II.     Standard of Review

Our review of termination of parental rights cases is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) ("[T]he proper standard of review for all termination decisions should be de novo.").

## III.     Analysis

We follow a three-step analysis in reviewing the termination of a parent's rights. *See P.L.*, 778 N.W.2d at 39. First, we consider whether statutory grounds for termination of the parent's rights exist under Iowa Code section 232.116(1)

---

[1] The mother testified at the termination hearing that she sent the children a postcard during this period so the children would know she "was okay."

(2024). *Id.* Second, we look to whether termination of the parent's rights is in the children's best interests. *Id.* (citing Iowa Code § 232.116(2)). Third, we consider whether any of the exceptions to termination in section 232.116(3) should be applied. *Id.* But when the parent does not raise a claim relating to any of the three steps, we do not address that step and instead limit our review to the specific claims presented. *See id.* at 40 (recognizing we do not consider a step the parent does not challenge).

The mother does not challenge the statutory grounds relied on by the district court. So we limit our discussion to the mother's arguments related to best interests, additional time for reunification efforts, and permissive exceptions. We address each argument in turn.

## A. Best Interests

In concluding that termination of the mother's parental rights was in the children's best interests, the district court determined that termination "would be less detrimental than the harm that would be caused by continuing the parent-child relationship, if such a relationship exists at all."

We are guided in our determination of best interests by statute. In determining best interests "the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

As to the best interests of these children, we agree with the district court that termination of the mother's parental rights is in the children's best interests. The mother remains incarcerated. Outside of that incarceration, she has caused

substantial upheaval in the children's lives. As testified to by the case manager, the children worry about keeping their mother safe. Given the mother's inability to correct the conditions that brought the children to the attention of HHS two times, we conclude that termination is in the children's best interests.

A bright spot in the usual darkness of termination proceedings—the children are doing well with their father. Both children are intelligent and involved in extracurricular activities. Both attended therapy to address any concerns. And since the removal, the children have settled into their lives in the father's home and view their current situation as positive.

**B.      Additional Time for Reunification Efforts**

The mother requests an extension of time for reunification efforts. To grant an extension of time for reunification, the court must "enumerate the specific factors, conditions, or expected behavioral changes" providing a basis to determine the child will be able to return to the parent at the end of the additional six months. Iowa Code § 232.104(2)(b).

The district court found there "was insufficient evidence to merit granting the mother additional time for resolution of the matters which gave rise to these cases and it is not in either child's best interest to do so." We, like the district court, cannot enumerate any specific factors which would provide a basis that the children could return to their mother at the end of an additional six-month period.

The mother's first possibility of release is six months after the termination hearing. And even if she was granted release, she has been unable to demonstrate sobriety outside of a structured environment and has not had treatment since her most recent arrest. We also highlight the length of time the

children have been out of the mother's custody along with the lack of progress by the mother. We decline to grant an additional six months for reunification efforts.

## C.     Permissive Exceptions

Finally, the mother argues the court should have applied a permissive exception to preclude termination. The mother highlights the permissive exceptions contained in Iowa Code section 232.116(3)(a), which permits the court to forgo termination if a relative has legal custody of the children, and Iowa Code section 232.116(3)(b), which permits the court to forgo termination if the children are over ten years old and object to the termination.

We begin with the premise that the exceptions are permissive and not mandatory. *See id.* § 232.116(3). And for permissive exceptions, the parent claiming the exception has the burden to prove it should apply. *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). The district court found no statutory exceptions or factors under section 232.116(3) to justify the court not terminating the parental rights of the mother "given the children's ages, need for permanency, and the mother's record of minimal parental involvement." Upon our careful review of the appellate record, we agree with the district court's decision in declining to apply either of the challenged permissive exceptions.

As to section 232.116(3)(a), we agree with the mother that a relative has legal custody of the children, as the father was granted custody at the time of the removal from the mother. But it is apparent from the mother's testimony at the termination hearing that she would seek a court order for visitation when released from custody. As testified to by the case manager when discussing the possibility of the mother trying to modify the custodial agreement, "The children deserve to

know that their future is with their father and that's where they would be and that any contact that would be with the mother would be a safe contact for them to have." And we note with respect to the mother's burden, her testimony about the exception was primarily limited to statements such as "[b]ecause I am their mother," and "I want to be their mother." We, like the district court, decline to apply this permissive exception, concluding the mother has not met her burden for the application of such permissive exception.

As to the youngest child's objection to termination, the exception argued by the mother contained in Iowa Code section 232.116(3)(b) does not apply to him, as he was not over the age of ten at the time of the termination hearing.[2] For termination of parental rights, the child's age must be determined upon the date of completion of the termination hearings. *In re N.N.*, 692 N.W.2d 51, 53–54 (Iowa Ct. App. 2004); *In re J.A.*, No. 13-0889, 2013 WL 5758054, at *3 (Iowa Ct. App. Oct. 23, 2013).[3] On the date of the conclusion of the termination hearing, the youngest child was not over ten years old. That said, even if the exception were applicable, we would determine the mother did not meet her burden concerning the exception.

Both children feel empathy for their mother and are parentified. And Lu.E.'s objection was largely that he wanted some contact with his mother.[4] The father recognizes that the children desire some minimal contact with the mother, and

---

[2] Lu.E. turned eleven before the termination order was filed.

[3] Both cases concerned a child's age with regard to the statutory grounds for termination contained in Iowa Code section 232.116(1).

[4] Neither child was present at the termination hearing. Their positions were relayed to the court by their attorney. The children's guardian ad litem joined in the State's request for termination of the mother's parental rights.

HHS is comfortable leaving any future contact decisions with the father. Given the lack of the mother's progress, her incarceration, and Lu.E.'s need for permanency, we decline to apply this permissive exception, if applicable, to preclude termination.

## IV. Conclusion

We affirm the termination of the mother's parental rights, as termination serves the best interests of the children, an additional period of reunification efforts is unwarranted on this record, and the mother failed to meet her burden to demonstrate that a permissive exception should be applied to preclude termination.

**AFFIRMED.**